J-S32013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KHALIL LEE, | |
| Appellant | No. 2827 EDA 2015 |

Appeal from the Judgment of Sentence August 24, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003286-2015

BEFORE:  BOWES, MUNDY AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 22, 2016**

Khalil Lee appeals from a judgment of sentence of three to twenty-three months imprisonment followed by one year probation.  Sentence was imposed after Appellant entered a negotiated guilty plea to one count of robbery graded as a third-degree felony.  Counsel has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm.

We garner the facts from the affidavit of probable cause supporting the complaint as those facts were incorporated into the guilty plea proceedings in support of the factual basis for Appellant's plea.  At approximately 11:15 p.m. on March 17, 2015, Detective Donald Caber of the Southeastern

\* Retired Senior Judge assigned to the Superior Court.

Pennsylvania Transportation Authority ("SEPTA") Transit Police Department observed Appellant in an altercation with another male just outside of the men's restroom of a SEPTA terminal. The other man was referred to as "BG" in the affidavit. Affidavit of Probable Cause, 4/9/15, at 1. Detective Caber cited both men for disorderly conduct.

The next day, Detective Caber reviewed a videotape of the incident, and it revealed that Appellant exited the terminal restroom, spoke with BG, and then punched BG in the face. At that point, "they wrestle[d] to the ground" while Appellant continued "to punch the complainant, BG." *Id*. Detective Caber interviewed BG on April 7, 2015, and BG explained that Appellant had demanded BG's cell telephone and that BG refused to relinquish it. At that point, Appellant punched the victim in the face, and they began to struggle on the ground before being interrupted by Detective Caber.

The disorderly conduct citation was rescinded, and Appellant was charged in this criminal action with robbery, attempted theft, simple assault, reckless endangerment, and disorderly conduct. On August 24, 2015, Appellant entered a negotiated guilty plea to a single count of robbery, the remaining charges were dismissed, and the agreed-upon sentence was to be three to twenty-three months in jail followed by one year of probation. During the guilty plea hearing, the trial court conducted the mandated colloquy with Appellant and approved of the plea arrangement. Additionally,

Appellant completed a written guilty plea statement. The plea court accepted the guilty plea and sentenced Appellant in accordance with its negotiated terms. On September 22, 2015, Appellant filed a timely notice of appeal. Thereafter, counsel for Appellant moved to withdraw and filed the requisite **Anders** brief.

Since we do not consider the merits of an issue raised in an **Anders** brief without first reviewing a request to withdraw, we now address counsel's petition to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. **Id**.

Counsel's petition to withdraw states that he thoroughly reviewed the entire case and found no issues that might be raised on appeal, and he averred that this appeal was wholly frivolous. A copy of the petition to withdraw and the **Anders** brief was furnished to Appellant. Counsel therefore forwarded to this Court a copy of his letter to Appellant, wherein he informed Appellant that he was withdrawing based upon a conclusion that this appeal is frivolous. Further, counsel instructed Appellant that he could

hire another attorney or submit a brief on his own behalf. Accordingly, counsel has complied with the procedural aspects of *Anders*.

We next examine whether counsel's *Anders* brief meets the substantive elements of *Santiago*. Pursuant to *Santiago*, an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Counsel's brief is compliant with *Santiago*. It contains a short summary of the procedure and facts and delineates the applicable law. Counsel establishes that the trial court's colloquy was proper under that precedent, and delineate how the one issue that might arguably support this appeal is wholly frivolous under the law. Hence, we now proceed to examine the issue in question: "Whether [Appellant] entered a knowing, voluntary[,] and intelligent guilty plea?" Appellant's brief at 1.

This averment concerns the following. When asked by the plea court, Appellant stated he suffered from a mental disability. However, his successive responses confirmed that the disability did not affect his ability to enter a knowing and voluntary guilty plea and that it did not impact his

ability to understand the proceedings. Counsel notes that Appellant had an affirmative duty to truthfully respond to the judge's inquiries, and that a guilty plea may not be withdrawn based upon an assertion that contradicts statements made during the course of a guilty plea.

At the outset, we observe, as did Appellant's counsel, that Appellant did not object to his guilty plea at the colloquy nor did he file a timely motion to withdraw the plea. As a result, his challenge to the validity of his guilty plea is waived. *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa.Super. 2013). Moreover, even if we were to assume that Appellant's present claim is not waived, it fails on the merits.

Pennsylvania law requires that a guilty plea be made knowingly, voluntarily, and intelligently. *Commonwealth v. Rush*, 909 A.2d 805 (Pa.Super. 2006). As such, we are subject to the following guidelines when determining the validity of a guilty plea:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Id*. at 808 (quoting *Commonwealth v. Fluharty*, 632 A.2d 312, 314 (Pa. Super. 1993). In order for a judge to accept a guilty plea, there must first be an oral colloquy of the defendant which appears on the record.

Pa.R.Crim.P. 590(A)(3). In the case *sub judice*, the plea court satisfied the rule's requirements. There was an issue regarding a mental disability suffered by Appellant. In this regard, the following exchange occurred:

The Court: Sir, how old are you today?

[Appellant]: 36.

The Court: How far did you go in school?

[Appellant]: 12th grade.

The Court: Read, write and understand English?

[Appellant]: Yes.

The Court: Suffer from any mental disability?

[Appellant]: Yes.

The Court: Does it affect your ability to understand today's proceedings?

[Appellant]: No, it doesn't.

. . . .

The Court: Okay. Now, Mr. Lee, it's your decision to enter the plea. It's not [counsel's], is that correct?

[Appellant]: Correct.

The Court: And you again make that knowingly and voluntarily?

[Appellant]: Yes.

The Court: And now intelligently?

[Appellant]: Yes, Your Honor.

The Court: Is that correct?

[Appellant]: Yes, sir.

The Court: All right. Did anybody threaten you or promise you anything for the plea?

[Appellant]: No.

The Court: All right. [Counsel], are you satisfied his entry to the plea is knowing, intelligent and voluntary?

[Counsel]: Yes, Your Honor.

N.T., 8/24/15, at 4, 12. Our review of the plea colloquy confirms that Appellant appropriately responded to all questioning and evidenced an understanding of the proceedings.

The law is clear that a defendant has an affirmative duty to truthfully respond to a judge's questions during a guilty plea colloquy. As we have stated:

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
> A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

***Commonwealth v. Turetsky***, 925 A.2d 876, 881 (Pa.Super. 2007) (citations omitted). Thus, Appellant is bound by the statements that he made at the plea hearing that his mental disability did not affect his ability to understand the plea proceedings and that he was entering his guilty plea voluntarily and knowingly. He thereafter cannot withdraw his guilty plea premised upon a mental infirmity rendering the plea invalid.

We have conducted an independent review of the certified record, as required by **Commonwealth v. Flowers**, 113 A.3d 1246 (Pa.Super. 2015). It confirms that there are no other non-frivolous issues that can be raised in this appeal.

Petition of Patrick J. Connors, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/22/2016